

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Rogers Kelley, Chairman
Senate Education Committee
The Senate
Austin, Texas

Dear Senator Kelley:            Opinion No. O-3120

Re:  Validity of S. B. No. 99,
47th Legislature, Reg.
Sess.

        This will acknowledge receipt of your letter of February 4, 1941, inquiring whether or not the above-captioned Bill is in contravention of the State Constitution with respect to dual office-holding.

        The pertinent part of the Bill, copy of which accompanies your inquiry, is as follows:

        "Section 2a.  The Board of Directors of the Texas College of Arts and Industries may at their discretion select from among their membership one individual to serve as Secretary-Treasurer of the Board of Directors, and may remunerate him a sum not to exceed Fifty ($50.00) Dollars per month from the institutional funds that are normally expended under their authority."

        In Opinion No. O-2465 addressed to Honorable Geo. H. Sheppard, Comptroller of Public Accounts, approved August 19, 1940, we advised the Comptroller to the effect that the Secretary to the Board of Directors, Texas College of Arts and Industries, under Section 2 of S. B. No. 293, 41st Regular Session, 1929, should be selected from the members of the Board, and that his official status was that of Board member, with the superadded duties of the secretaryship. We hand you herewith a copy of that opinion.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Rogers Kelley, Page 2

In keeping with our construction of Section 2 of the original Act, your Bill under consideration likewise requires the secretary to the Board to be selected from among the membership of the Board. We construe your Bill, as we construed the original Act, to be not the creation of an office or position whatsoever, but merely the superadding to the duties of the particular Board member selected the further duties of those of Secretary-Treasurer to the Board. There is therefore but one office or position -- that is, membership in the Board.

For the reasons just stated, the constitutional provision against dual office-holding have no application. Section 40, of Article XVI of the Constitution merely forbids the holding of "more than one civil office of emolument."

Section 33 of the same Article forbids the accounting officers of the State to draw or pay a warrant upon the treasury in favor of any person for salary or compensation as agent, officer or appointee, who "holds at the same time any other office or position of honor, trust or profit under this State or the United States." Under the facts stated by you, the status of the Secretary-Treasurer to the Board of Texas College of Arts and Industries, as provided in your Senate Bill No. 99, would be that of a member of the Board of Texas College of Arts and Industries -- one office or position -- and under the terms of the Bill, in the event it becomes a law, there would be no valid reason why the Board should not pay the compensation to the Secretary-Treasurer therein stipulated.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED FEB 10, 1941

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN